<u>NOT FOR PUBLICATION</u>

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| GAY BROWN, | |
| Plaintiff, | Civil No. 19-00114 (RBK/AMD) |
| v. | **OPINION** |
| CAMDEN CITY SCHOOL DISTRICT, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (Doc. 18) and Plaintiff's Motion to for Leave to File Amended Complaint (Doc. 21.) For the reasons stated herein, the Motion to Amend/Correct the Complaint is **granted** and the Motion to Dismiss is **granted**.

**I.   Background**

This action arises out of an employment dispute. Plaintiff is Gay Brown, a former Vice Principal in the State-Operated School District of the City of Camden (the "District"). (Doc. 21-1, "Proposed Am. Compl." ¶10–11.) Brown alleges that on April 29, 2016, the District notified her that it was abolishing the position of "Vice Principal" and creating a substantially similar position titled "Lead Educator." (*Id.* ¶27.) Brown "applied for the position of Lead Educator, and despite being qualified for the position, was not offered the position." (*Id.* ¶32.) Brown alleges that the "position of Lead Educator . . . was eventually filled by an individual who was in her 30's and more than 10 years younger than Gay Brown." (*Id.* ¶33.) Brown alleges that "[i]n eliminating

1

Plaintiff's position of Vice Principal, Defendant . . . discriminated against Plaintiff [because] of her age in violation of NJLAD." (*Id.* ¶43.) Brown brought the matter before the New Jersey Office of Administrative Law, which proceeded to a full hearing on the merits. (*Id.* ¶37.) The Administrative Law Judge found that the District violated Brown's right of tenure by abolishing the Vice Principal title, refusing to assign Brown to Lead Educator positions, and thus essentially demoting Brown. (*Id.* ¶39.) The Commissioner of Education issued a final decision affirming the Administrative Law Judge's findings and ordered "Plaintiff to be reassigned from a teaching position to the Lead Educator Position" with "back pay, to retroactive relief to July 1, 2016[.]" (*Id.*)

Brown filed this action in New Jersey Superior Court on December 5, 2018. (Doc. 1-1.) The Complaint pleads the following causes of action: (1) age discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"); (2) retaliation under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the NJLAD; and (3) age discrimination in violation of the Age Discrimination in Employment Act. (*See id.*) Defendant removed the case to this Court on January 4, 2019, citing federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1.) On January 8, 2019, the District filed a Motion to Dismiss Count I of the Complaint. (Doc. 7.) The Motion argued that the NJLAD claim was subject to a two-year statute of limitations. (*See* Doc. 7-1.) Before the deadline to file an opposition to the Motion to Dismiss, on January 17, 2019, Magistrate Judge Donio held an initial scheduling conference with both parties. (*See* Doc. 11.) During this conference, Magistrate Judge Donio administratively terminated the case without prejudice, pending resolution of the proceedings before the Office of Administrative Law. (*Id.*) Accordingly, Magistrate Judge Donio dismissed the District's pending Motion to Dismiss without prejudice. (Doc. 10.)

On April 15, 2020, Magistrate Judge Donio conducted a status conference and reopened the matter, vacating the Order of administrative termination. (Doc. 16.) The next day, the District refiled its Motion to Dismiss, alleging identical arguments to that in its initial Motion to Dismiss. (Doc. 18, "Mot. to Dismiss.") On April 16, 2020, Brown filed a Motion for Leave to File an Amended Complaint under Rule 15(a)(1). (Doc. 21, "Mot. to Amend.") Brown's proposed Amended Complaint seeks to add allegations to establish that the District participated in an ongoing pattern of discrimination against Brown. The District opposed the Motion to Amend the Complaint (Doc. 22, "Opp."), and Brown replied (Doc. 23, "Reply.") Brown did not file an opposition to the Motion to Dismiss.

## II.     Legal Standard

### A.  Motion to Amend

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a). Under Rule 15(a)(1), a "party may amend its pleadings once as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 to ensure that claims will be decided on the merits rather than on technicalities. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Leave to amend under Rule 15 should be denied only in certain circumstances, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or clear futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Fed. Deposit Ins. Corp.*

*v. Bathgate*, 27 F.3d 850, 874 (3d Cir. 1994). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). In other words, a claim is "futile" if it would not survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.*; *United States v. Sensient Colors, Inc.*, No. 07-1275, 2009 WL 394317, at *3 (D.N.J. Feb. 13, 2009), *aff'd*, 649 F. Supp. 2d 309 (D.N.J. 2009). Accordingly, "futility" is governed by the same standard as a motion to dismiss.

### B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "when there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

In the Third Circuit, a statute of limitations defense may be raised under Rule 12(b)(6) only if the "time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975). However, at the motion to dismiss phase, it must be "apparent on the face of the complaint" that the statute of limitations bars the claim; otherwise "[the statute of limitations] may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).

### III. Discussion

#### A. Motion to Amend

Brown seeks leave to amend her Complaint to add substantive allegations. (Reply at 8.) Brown argues these additional allegations will show "a series of actions directed at the Plaintiff so as to establish a continuing violation within the meaning of the New Jersey law against discrimination." (Mot. to Amend at 2.) As an initial matter, the parties disagree over whether the amendments to the Complaint should be governed by Rule 15(a)(1) or by Rule 15(a)(2). If Rule 15(a)(1) applies, then Brown may freely amend her Complaint, as a matter of course, without requiring leave from the Court to do so. However, if Rule 15(a)(2) applies, then the Court may only grant leave to amend if it determines that the proposed amendments are not "futile."

Under Rule 15(a)(1), a party may amend its pleading once as a matter of course within "21 days after service of a motion under Rule 12(b)[.]" Here, Brown filed her initial Complaint on December 5, 2018. On January 8, 2019, the District filed its Motion to Dismiss. Therefore, based

on a plain reading of Rule 15(a)(1), Brown received 21 days from January 8, 2019, to amend her Complaint as a matter of course. However, 9 days after the District filed its Motion to Dismiss, Magistrate Judge Donio held a scheduling conference, in which "all parties consent[ed] to administratively terminating the[] matters pending resolution of proceedings before the Office of Administrative Law[.]" (*See.* Doc. 11.) Therefore, the case was administratively terminated prior to the expiration of Brown's 21 days to amend as a matter of course. An administrative termination "close[s] the case and remove[s] it from the Court's active docket." *See Baglione v. Clara Maass Med. Ctr., Inc.*, No. 99-4069, 2006 WL 2591119, at *4 (D.N.J. Sept. 8, 2006) ("[a]dministrative termination is a procedural device that allows a district court judge to get an inactive case (for example a case stalled by bankruptcy) off the list of pending cases."). On April 15, 2020, Magistrate Judge Donio vacated the Order administratively terminating the case, and on April 16, 2020, Defendant refiled its Motion to Dismiss. The next day, Brown Moved to Amend her Complaint.

Defendants argue that Brown is not entitled to amend her Complaint as a matter of course under Rule 15(a) because her 21-day period expired when Defendant filed its initial Motion to Dismiss in 2019. In response, Brown argues that 21-day period did not expire because Magistrate Judge Donio issued the administrative order terminating the case prior to the expiration of the 21 days. Brown asserts that "the effect of the [Order administratively terminating the case] was to end, until further [ordered] by the Court, all filings, including any motion to amend pleadings." (Reply at 7.) Accordingly, Brown argues that Defendant's reasoning would have required the parties to continue to litigate the matter and either ignore or defy the Order administratively terminating the case. (*Id.*)

Neither party cites to any authority from this Circuit or elsewhere to support its position, and the Court is not aware of any Third Circuit precedent that establishes the effect of an order administratively terminating the case on a party's deadlines to amend under the Federal Rules of Civil Procedure. However, in *Baglione*, this Court considered an analogous situation—whether an order for administrative termination tolled the statute of limitations on a plaintiff's claims. No. 99-4069, 2006 WL 2591119, at *1. In *Baglione*, a Magistrate Judge administratively terminated a case until the plaintiff exhausted "all plan appeals" for her ERISA claims. *Id.* at 1. When the case reopened, the defendants argued that the administrative order terminating the case did not toll the statute of limitations. *Id.* After evaluating the inconsistent rulings within the Circuit on the topic, the Court held that, in the interest of fairness, the "order for administrative termination tolled the statute of limitations until such time as the plan appeals were exhausted, at which time the statute of limitations began to run again." *Id.* at 6.

Similarly, here, the Court finds that the order administratively terminating the case pending the outcome of the administrative proceedings tolled the 21-day deadline for Brown to amend her Complaint as a matter of course. That deadline was tolled until the administrative order was lifted on April 15. Brown filed her Motion to Amend on April 16. Because Brown filed her Motion to Amend the Complaint within the 21-day allotment, as tolled by the order administratively terminating the case, the Court finds that Brown may amend her Complaint as a matter of course, without leave of Court. Accordingly, the Motion for Leave to Amend is **granted**, and Plaintiff's proposed Amended Complaint becomes the operative Complaint.[1]

---

[1] The Court is aware of the substantially similar proceedings in *Adams-Buffaloe, et al. v. State-Operated School District of the City of Camden*, No. 1:18-cv-17122, which is currently pending before the Court. That case and this case have been consolidated for discovery purposes only. (Doc. 9.) In *Adams-Buffaloe*, the plaintiffs filed a nearly identical Motion to Amend, asserting that the plaintiffs could amend as a matter of course under Rule 15(a)(1). *See* Mot. to Amend, *Adams-Buffaloe, et al. v. State-Operated School District of the City of Camden*, No. 1:18-cv-17122. However, in *Adams-Buffaloe*, the 21-day period for the plaintiffs to amend the Complaint as a matter of course had already lapsed when Magistrate Judge Donio issued the order administratively terminating the case. Accordingly,

### B. Motion to Dismiss

Defendant filed its Motion to Dismiss before Brown introduced a proposed Amended Complaint. The Court recognizes that that "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). Thus, any subsequent motion made by an opposing party should be directed at the amended pleading. *See, e.g. Katona v. Asure*, No. 1:11-CV-1817, 2013 WL 458464, at *1 (M.D. Pa. Feb. 6, 2013) (dismissing as moot pending motions to dismiss after granting plaintiff leave to amend complaint). However, the Court finds that a defendant should not be "required to file a new motion to dismiss simply because an amended pleading was introduced while its motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading." *Jordan v. City of Phila.*, 66 F. Supp. 2d 638, 640 n.1 (E.D. Pa. 1999) (citing 6 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1476 at 558 (2d ed.1990)); *see also Sun Co., Inc. (R&M) v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 367 (E.D. Pa. 1996) (same). "To hold otherwise would be to exalt form over substance." 6 Wright, Miller & Kane, *Federal Practice & Procedure* § 1476 at 558 (2d ed. 1990). Since Brown's Amended Complaint suffers from the same deficiencies that are addressed in the District's Motion to Dismiss, the Court will construe the Motion to Dismiss as addressing the Amended Complaint.

Defendant argues that the age discrimination claim under the NJLAD should be dismissed because it is barred by the statute of limitations. The NJLAD provides that "[a]ll persons shall have the opportunity to obtain employment, . . . without discrimination because of race, creed, color, national origin, ancestry, age, marital status, affectional or sexual orientation, familial status,

---

the Court found that Rule 15(a)(2) was the proper governing standard. Conversely, here, the time to amend *had not lapsed* when the Order administratively terminating the case was issued.

disability, nationality, sex, gender identity or expression[.]" N.J.S.A. 10:5–4. To establish a prima facie case of discrimination for a failure-to-promote claim under the NJLAD, a plaintiff "must show that (i) [he] belongs to a protected class; (ii) [he] applied for and was qualified for a particular position; (iii) [he] was rejected for the position; and (iv) after the rejection, the position remained open and Defendant continued to seek applications from persons with Plaintiff's qualifications." *Cubbage v. Bloomberg, L.P.*, Civ. No. 05-2989, 2010 WL 3488619, at *14 (E.D. Pa. Aug. 31, 2010) (citing *Allen v. Nat'l R.R. Passenger Corp.*, Civ. No. 07–3781, 2005 WL 2179009, at *6 (E.D. Pa. Sept.6, 2005)).

The New Jersey Supreme Court has determined that NJLAD claims are subject to a two-year statute of limitations. *Smith v. Twp. of E. Greenwich*, 519 F. Supp. 2d 493, 505 (D.N.J. 2007), *aff'd*, 344 F. App'x 740 (3d Cir. 2009), *as amended* (Nov. 3, 2009) (quoting *Shepherd v. Hunterdon Dev. Ctr.*, 803 A.2d 611 (N.J. 2002)). The two-year statute of limitations begins to run upon the occurrence of a discrete retaliatory or discriminatory act. *Illas v. Gloucester Cty. Sheriff's Dept.*, No. 14-4061, 2015 WL 778806, at *4 (D.N.J. 2015) (quoting *Roa v. Roa*, 200 N.J. 555, 985 A.2d 1225 (N.J. 2010)). This is because "[d]iscriminatory termination and other similar abrupt, singular adverse employment actions that are attributable to invidious discrimination generally are immediately known injuries[.]" *Alexander v. Seton Hall Univ.,* 8 A.3d 198, 202 (N.J. 2010) (citing *Roa,* 985 A.2d at 1225).

However, "New Jersey courts recognize that [w]hen an individual is subject to a continual, cumulative pattern of tortious conduct, as is the case when a plaintiff is subject to a hostile work environment, the statute of limitations does not begin to run until the wrongful actions cease." *Sgro v. Bloomberg L.P.*, 331 Fed App'x 932, 938 (3d Cir. 2009). This is otherwise known as the "equitable continuing violations doctrine." *Id.* To qualify for the equitable continuing violations

9

doctrine, "the plaintiff must establish that the harassment is more than the occurrence of isolated or sporadic acts of intentional discrimination." *Id.* However, the Third Circuit, applying New Jersey law, has made clear that "discrete acts—such as demotions, . . . failures to promote, and other adverse employment actions . . . do not fall under the continuing violations doctrine" and therefore "are subject to the NJLAD's two-year statute of limitations." *Id.* at 938.

Here, Defendant argues that this litigation arises from a singular, discrete act, and therefore the two-year statute of limitations applies. (Opp. at 6.) The Court agrees. The discriminatory act giving rise to this action occurred when the District allegedly demoted Brown from a vice principal to teacher and created a substantially similar position called "Lead Educator." Based on the facts alleged in the Amended Complaint, the District notified Brown of this demotion on April 29, 2016. (Proposed Am. Compl. ¶27.) Because of this demotion, "Plaintiff and five other Principals and/or Vice Principals were parties [to an] administrative action against the District which was filed with the Commissioner of Education on or about June 30, 2016." Because the demotion was a single discrete act, the alleged discrimination was actionable at the time the demotion occurred. *See Illas*, No. 14-4061, 2015 WL 778806, at *4. Accordingly, the statute of limitations period began to run on April 29, 2016 and expired on April 29, 2018. Because Brown did not file her Complaint until December of 2018, the claim is barred by the statute of limitations.

Brown argues that the Court should find that the continuing violations doctrine tolls the statute of limitations. (Reply at 8.) Brown argues that she suffered "emotional and psychological stress" as a "direct and approximate [sic] result of the conduct of the Defendant." (*Id.* at 8.) Brown therefore asserts that the demotion was not a discrete act—rather the "stress and hostile work environment, and unrelenting pattern and practice of adverse actions" amounted to a continuing violation of the NJLAD. (*Id.*)

10

The Court finds these arguments unpersuasive. Even accepting these allegations as true, Brown fails to establish that this was more than a singular adverse employment action or that this rises to the level of a "continual, cumulative pattern of tortious conduct" that would allow her to invoke the continuing violations doctrine. Brown's additional allegations regarding her emotional and psychological stress simply relate back to the initial discrete act of demotion. Brown fails to cite to any law in support of her assertion that the emotional and psychological stress she suffered in reaction to the demotion allows her to invoke the continuing violations doctrine. Moreover, the additional allegations in the Amended Complaint make broad conclusory statements that "the adverse actions by the Defendant are part of a series of actions and conduct which constitute continuing violations within the meaning of the New Jersey Law Against Discrimination." (Proposed Am. Compl. ¶10.) However, on a motion to dismiss, the Court cannot rely on legal conclusions unsupported by factual allegations.

In sum, the Court finds that the Amended Complaint fails to establish that the continuing violations doctrine should toll the statute of limitations. Accordingly, the Court finds that the statute of limitations bars Brown's NJLAD claim. Therefore, the Court **grants** Defendant's Motion to Dismiss Count I of the Complaint.

**IV.   Conclusion**

For the reasons contained herein, Plaintiff's Motion for Leave to File an Amended Complaint is **granted**, and Defendant's Motion to Dismiss is **granted**. An accompanying Order will issue.

Dated: 10/13/2020                                              /s/ Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge